# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION IN CINCINNATI

FEDERAL INSURANCE COMPANY
251 North Illinois, Suite 1100
Indianapolis, Indiana 46204

CASE NO. **1:10CV618**

Judge **SPIEGEL, J.**

and

PACIFIC INDEMNITY COMPANY
15 Mountain View Road
Warren, New Jersey 07059-6711

**FILED**

SEP 0 8 2010

JAMES BONINI, Clerk
CINCINNATI, OHIO

Plaintiffs,

v.

NATASCHA HUBERT
4605 Flagstone Way
Milford, Ohio 45150

and

ESTATE OF ROBERT I. HUBERT
c/o Executor of the Estate, Scott Hubert
3156 State Line Road
West Harrison, Indiana 47060

Defendants.

---

## FEDERAL INSURANCE COMPANY AND PACIFIC INDEMNITY COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT

---

Come now the plaintiffs, Federal Insurance Company (hereinafter FIC), and Pacific Indemnity Company (hereinafter PIC), by and through their undersigned counsel and for their complaint for declaratory relief, and requests this honorable court address the following:



SMITH, ROLFES
& SKAVDAHL
COMPANY LPA

CINCINNATI
600 Vine Street • Suite 2600
Cincinnati, Ohio 45202
(513) 579-0080

COLUMBUS
5 E. State Street • Suite 2000
Columbus, Ohio 43215
(614) 469-7130

DETROIT
55 Orchard Hill Place • Suite 600
Novi, Michigan 48375
(248) 374-5020

FT. MITCHELL, KY
00 Buttermilk Pike • Suite 324
Ft. Mitchell, Kentucky 41017
(859) 547-1200

- Confirm Federal Insurance Company has no duty to provide any coverage to the Estate of Robert I. Hubert for damage arising from the fire on December 28, 2009.

- Confirm Federal Insurance Company has a duty to provide coverage for Natascha Hubert's personal property destroyed in the fire on December 28, 2009.

- Confirm Federal Insurance Company has a duty to provide coverage to Natascha Hubert for reasonable and documented additional living expenses incurred as a result of the fire on December 28, 2009.

- Confirm Natascha Hubert is making no claim for damage to the structure at 7811 Okeana-Drewersburg Road arising from the December 28, 2009.

- Confirm Pacific Indemnity Company has no duty to provide coverage to Natascha Hubert for damage to the 2006 BMW 325 xi vehicle.

## Introduction

(1)     This action arises from a fire occurring at 7811 Okeana-Drewersburg Road in Okeana, Ohio on December 28, 2009, which caused damage to a residence, personal property, and an automobile stored inside the garage of the residence. Investigation of this loss has revealed overwhelming evidence showing the loss was the result of intentional acts by Robert I. Hubert, now deceased. A more thorough recitation of facts is provided below beginning at paragraph thirteen.

(2)     Prior to the fire, Federal Insurance Company issued a Homeowner's policy of insurance to Robert I. Hubert covering physical damage to the property at 7811

- 2 -

Okeana-Drewersburg Road.  A copy of this policy is attached as Exhibit A.  The policy lists Robert I. Hubert as the sole named insured on the Coverage Summary.

(3)     Pacific Indemnity Company also issued an automobile policy of insurance to Robert I. Hubert prior to the fire covering physical damage to several automobiles, including a 2006 BMW 325 xi.  A copy of this policy is attached as Exhibit B.

(4)     Following the fire, claims for insurance coverage were made to FIC and PIC by Natascha Hubert for damage to her personal property and BMW motor vehicle, as well as for additional living expenses resulting from the fire.  Additionally, claims were made by the Estate of Robert I. Hubert for damage to Robert I. Hubert's personal property and for damage to the structure.

(5)     The purpose of this Complaint for Declaratory Judgment is to request this Honorable  Court confirm FIC's and PIC's duties and obligations to the Estate of Robert I. Hubert and Natascha Hubert arising from this fire loss and in full accord with all policy terms and conditions as recognized by the laws of the State of Ohio.

(6)     If the Court determines coverages are due and owing for this loss, a final adjustment of the claims by FIC and PIC to determine the total amount due and owing will be necessary.  Therefore, the amounts claimed by the Estate of Robert Hubert and Natascha Hubert, as reflected in their Sworn Statements in Proof of Loss do not necessary reflect the total amount that may be ultimately due and owing.

## Jurisdiction

(7)     FIC is an insurance company duly organized and existing under the laws of the State of Indiana and authorized and licensed to do business in the State of Ohio, including the providing of insurance coverage.

(8)     PIC is an insurance company duly organized and existing under the laws of the State of Wisconsin and authorized and licensed to do business in the State of Ohio, including the providing of insurance coverage.

(9)     Natascha Hubert is an individual residing at all times relevant to this action in the State of Ohio, and currently residing to the knowledge of the Plaintiffs at 4605 Flagstone Way in Milford, Ohio 45150.

(10)    Scott Hubert is the brother of Robert I. Hubert and has been named Executor of the Estate of Robert I. Hubert.  (Exhibit C, Entry Appointing Fiduciary). Pursuant to 28 U.S.C. § 1332 (c)(2) for purposes of this lawsuit, Scott Hubert is deemed to be a citizen of the state where the decedent, Robert I. Hubert, resided at the time of his death.  At the time of his death, Robert I. Hubert was a resident of the State of Ohio and resided at 7811 Okeana-Drewersburg Road in Okeana, Ohio.

(11)    FIC and PIC bring this action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et. seq., for declaration of their rights and duties and the rights and duties of Natascha Hubert and the Estate of Robert I. Hubert under the FIC and PIC policies.

(12)    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  The parties are citizens of different states, and the amount in controversy exceeds seventy-five

- 4 -

thousand dollars ($75,000.00). Attached as Exhibit D is the Sworn Statement in Proof of Loss submitted by Natascha Hubert for damage arising from the December 28, 2009 fire, indicating total loss to her personal property in excess of two hundred sixty-four thousand dollars ($264,000.00) policy limit for contents coverage provided by the FIC policy. Attached as Exhibit E is the Sworn Statement in Proof of Loss submitted by Natascha Hubert claiming twenty one thousand, one hundred and fifty dollars ($21,150.00) in damage to a 2006 BMW 325 xi automobile resulting from the December 28, 2009 fire. Attached as Exhibit F is the Sworn Statement and Proof of Loss submitted by the Estate of Robert I. Hubert indicating a total claim for damage to the structure at 7811 Okeana-Drewersburg Road of one hundred seventy-six thousand, two hundred twenty-seven dollars ($176,227.00). Attached as Exhibit G is the Sworn Statement in Proof of Loss submitted by the Estate of Robert I. Hubert for damage to Robert I. Hubert's personal property arising from the December 28, 2009 fire claiming one hundred forty-nine thousand, nine hundred fifty dollars and 63/100 ($141,950.63).

### **Factual Background**

#### *Events Preceding The Fire Loss*

(13)    Robert I. Hubert and Natascha Hubert began living together at 7811 Okeana-Drewersburg property in October of 2008 and were married on May 14, 2009 in Las Vegas, Nevada.

(14)    At no time was Natascha Hubert added as a named insured to the FIC policy of insurance issued to Robert I. Hubert for the property at 7811 Okeana-Drewersburg Road.

- 5 -

*December 28, 2009 Fire*

(15)     On December 28, 2009, a fire occurred at the property at 7811 Okeana-Drewersburg Road. The fire alarm was reported at 6:57 AM.

(16)     Investigations of the fire were completed by the Morgan Township Fire Department (Exhibit H), Butler County Sheriff's Department (Exhibit I), and the Ohio State Fire Marshal (Exhibit J). Additionally, FIC retained origin and cause investigator Kerry Autio of EFI Global to conduct a separate and distinct investigation of the fire. (Exhibit K).  All of the investigations came to the conclusion the December 28, 2009 fire was not accidental and the fire was intentionally set by Robert I. Hubert. (See Exhibits H, I, J, and K).   These investigations concluded Robert I. Hubert spread diesel fuel throughout the property and on personal property contents prior to intentionally setting the fire. *Id.*

(17)     Both Natascha Hubert and Scott Hubert, the Executor of the Estate of Robert I. Hubert, testified they are not contesting this fire was the result of anything but an intentional act by Robert I. Hubert. (EUO of Natascha Hubert, attached as Exhibit L, p. 159-161; EUO of Scott Hubert, attached as Exhibit M,  p. 155).

**Claims**

(18)     As a result of the December 28, 2009 fire, Natascha Hubert has made the following claims to FIC and PIC:

- Sworn Statement in Proof of Loss to FIC claiming damage to her personal property from the fire totals in excess of the two hundred sixty-four thousand dollars ($264,000.00)

policy limit for contents coverage. (Exhibit D and Exhibit N, Natascha Hubert Contents List).

- Claim to FIC for additional living expenses totaling four thousand, five hundred twenty-two dollars and 36/100 ($4,522.36) as a result of this fire. (Exhibit O, Expense Chart)

- Claim to PIC for damage to the 2006 BMW 325 xi. (Exhibit E, Automobile Sworn Statement in Proof of Loss). Natascha Hubert claims twenty-one thousand, one hundred fifty dollars ($21,150.00) in damage to the vehicle. *Id.*

(19)    Scott Hubert, Executor of the Estate of Robert I. Hubert, submitted the following claims to FIC pursuant to the "In Case of Death" provision of the policy, which provides coverage to the named insured's legal representative in the event of the named insured's death:

- Claim for damage to the structure at 7811 Okeana-Drewersburg Road totaling one hundred seventy-six thousand, two hundred twenty-seven dollars ($176,227.00) (Exhibit F).

- Claim for damage to Robert I. Hubert's personal property totaling one hundred forty-one thousand, nine hundred fifty dollars and 63/100 ($141,950.63) resulting from this fire. (Exhibit G).

(20)    As described more fully below, FIC and PIC are seeking clarification as to their duties and obligations to provide coverage for these claims submitted by Natascha Hubert and the Estate of Robert I. Hubert pursuant to the applicable insurance policies and Ohio law.

**Insurance Policies**

(21)   The policy of insurance issued by FIC, naming Robert I. Hubert in the

Coverage Summary, provides in relevant part as follows:

> **DEFINITIONS:**
>
> **You** *means the person named in the Coverage Summary, and a spouse who lives with that person.*
>
> ...
>
> **DELUXE   HOUSE   COVERAGE/DELUXE   CONTENTS COVERAGE**
>
> ...
>
> **DELUXE HOUSE COVERAGE**
>
> *This part of your Masterpiece Policy provides you with coverage against all risk of physical loss to your house unless stated otherwise or an exclusion applies. "House" means the main one-family or two-family dwelling at each Ohio location with Deluxe House Coverage shown in the Coverage Summary*
>
> ...
>
> **EXTRA COVERAGES**
>
> **Additional Living Expenses**
>
> *As described below, under certain conditions when your house cannot be lived in because of a covered loss to your house or, if applicable, your contents, we provide coverage for additional living expenses which consists of extra living expenses, loss of fair rental value and forced evacuation expenses. There is no deductible for this coverage.*
>
> **Extra living expenses.** *If your house cannot be lived in because of a covered loss to your house or, if applicable, your contents, we cover the reasonable increase in your normal living expenses that is necessary to maintain your household's usual standard of living. We cover this increase for the reasonable amount of time required to repair, replace or rebuild your house, or your contents, or if you permanently relocate. The shortest amount of time required for your household to settle elsewhere. This period of time is not limited by the expiration of this policy.*

- 8 -

...

**EXCLUSIONS**

***Intentional acts.*** *We do not cover any loss caused intentionally by you or a family member, or by a person directed by you or a family member to cause a loss. But we do provide coverage for you or a family member who is not responsible for causing the intentional loss. An intentional act is one whose consequences could have been foreseen by a reasonable person.*

...

**DELUXE CONTENTS COVERAGE**

*This part of your Masterpiece Policy provides you with coverage against all risk of physical loss to your contents anywhere in the world unless stated otherwise or an exclusion applies.*

*"Contents" means personal property you or a family member owns or possesses.*

...

**EXCLUSIONS**

***Intentional acts.*** *We do not cover any loss caused intentionally by you or a family member, or by a person directed by you or a family member to cause a loss. But we do provide coverage for you or a family member who is not responsible for causing the intentional loss. An intentional act is one whose consequences could have been foreseen by a reasonable person.*

(22)     The policy of insurance issued to Robert I. Hubert by Pacific Indemnity Company, providing coverage for the 2006 BMW 325 xi, provides in relevant part as follows:

**DEFINITIONS**

***You*** *means the person named in the Coverage Summary, and a spouse who lives with that person.*

...

*AUTO PREFERENCE VEHICLE PHYSICAL DAMAGE COVERAGE*

*This part of your Masterpiece Policy provides you with coverage against all risk of physical loss to your vehicles unless stated otherwise or an exclusion applies.*

*...*

## EXCLUSIONS

**Intentional acts.** *We do not cover any loss caused intentionally by a person named in the Coverage Summary, that person's spouse, a family member, or a person who lives with you. We also do not cover any loss caused intentionally by a person directed by a person named in the Coverage Summary, that person's spouse, a family member, or a person who lives with you. An intentional act is one whose consequences could have been foreseen by a reasonable person.*

### Coverage Issues

### Claims by the Estate of Robert I. Hubert

(23)     The policy of insurance issued to Robert I. Hubert provides:

*"we do not cover any loss caused intentionally by you or a family member, or by a person directed by you or a family member, or by a person directed by you or a      family member to cause a loss. But we do provide coverage for you or a family      member not responsible for causing the intentional loss. An intentional act is one      whose consequences could have been foreseen by a reasonable person."*

(24)     This policy provision unambiguously precludes coverage for any loss caused by "you". "You" is defined as the person named in the coverage summary, which is Robert I. Hubert.

(25)     The following evidence overwhelmingly verifies the fire on December 28, 2009 was the result of an intentional act by Robert I. Hubert:

- 10 -

    a.  The Morgan Township Fire Department, Butler County Sheriff's Office, and Ohio State Fire Marshal investigators and independent origin and cause investigator Kerry Autio of EFI Global, Inc all concluded this loss was solely the result of an intentional act by Robert I. Hubert in spreading diesel fuel throughout the home and setting the property on fire. (See Exhibits H, I, J and K)

    b.  Scott Hubert, Executor of the Estate of Robert I. Hubert, testified he has no evidence the fire was the result of anything but an intentional act by Robert I. Hubert. (Exhibit M EUO of Scott Hubert, p. 155).

(26)   In *Ash v. Grange Mut. Cas. Co.*, 5th Dist. No. 2005CA0014, 2005CA0015, 2006-Ohio-5221, an insured burned down his home in an attempt to commit suicide. The court held, although the insured claimed his intent was self-immolation rather than to destroy the home, the insured's subjective intent was irrelevant as the natural and probable consequence of setting the home ablaze was the home would be destroyed. Consequently, the court concluded "the insured's intent may be inferred for purposes of an intentional act exclusion analysis." *Id.* at ¶28.

(27)   There is no evidence to suggest this fire occurred as the result of any event or action other than the intentional act by Robert I. Hubert. Additionally, pursuant to *Ash v. Grange*, Robert I. Hubert's intent to destroy the home may be inferred as destruction of the home is the natural and probable consequence of pouring diesel fuel throughout the home and setting the home on fire. As a result, pursuant to the policy of insurance and Ohio law, the Intentional Acts provision of the FIC policy excludes the Estate of Robert

I. Hubert from recovering for any damage to the structure or Robert I. Hubert's personal property.

(28)    Additionally, Ohio courts have recognized an intentional act by an insured, in the form of arson, is an affirmative defense to the claim the insured is entitled to insurance proceeds for a fire. *Caserta v. Allstate Insurance Co.* (1983), 14 Ohio App.3d 167. In proving an arson defense, there are three basic elements: (1) fire of an incendiary origin; (2) motive on the part of the insured; and (3) opportunity of the insured to cause a fire. *Id.* These elements may be proved by circumstantial evidence, and have been established in this claim investigation as follows:

    a. Investigations by state and local authorities as well as an independent origin and cause investigator have shown this fire to be the result of an intentional act by Robert I. Hubert and determined this fire was incendiary in nature. (See Exhibits H, I, J, and K).

    b. Examination under oath testimony and the investigation by FIC have shown Robert I. Hubert was involved in a domestic dispute immediately prior to the fire. (Exhibit L, EUO of Natascha Hubert, p. 131-133). As a result of the argument, Robert I. Hubert asked Natascha Hubert to leave the property at 7811 Okeana-Drewersburg Road. *Id.* at p. 133. Reasonably it appears Robert I. Hubert had motive to set fire to the property due to the domestic dispute with Natascha Hubert immediately prior to the fire.

c. Investigations by the Morgan Township Fire Department, Butler County Sheriff's Department, Ohio State Fire Marshal and EFI Global identified Robert I. Hubert possessed the opportunity to set fire to the property at 7811 Okeana-Drewersburg Road, as the investigations revealed Robert I. Hubert spread fuel throughout the property, set fire to the property, and subsequently died from a self-inflicted gunshot wound and was found inside the home. (See Exhibits H, I, J, and K).

(29)    Based on the foregoing evidence showing Robert I. Hubert possessed the means, motive, and opportunity to set fire to the property, FIC is requesting this Court confirm no coverage is owed to the Estate of Robert I. Hubert for damage to the home at 7811 Okeana-Drewersburg Road or for Robert I. Hubert's personal property loss resulting from the fire on December 28, 2009.


**Claims by Natascha Hubert**

(30)    FIC is requesting the Court confirm no coverage is available to the Estate of Robert I. Hubert. However, FIC is requesting the Court confirm coverage is available to Natascha Hubert for her personal property destroyed in the fire on December 28, 2009, for and for her additional living expenses. Additionally, FIC is requesting the Court confirm coverage would also be available to Natascha Hubert for damage to the structure at 7811 Okeana-Drewersburg Road, if she were to submit a claim for the structure damage.

*Natascha Hubert's Contents Claim:*

- 13 -

(31)    There is no evidence to suggest Natascha Hubert was in any way involved in setting the fire on December 28, 2009.  When presented with an issue of an innocent co-insured, Ohio courts will look closely at the policy language to determine whether the policy provisions unambiguously preclude a co-insured innocent spouse from recovery. *Wagner v. Midwestern Indemnity Company* (1988), 83 Ohio St.3d 287.

(32)    The policy of insurance issued to Robert I. Hubert provides: *"[w]e do not cover any loss caused intentionally by you or a family member, or by a person directed by you or a family member to cause a loss.  But we do provide coverage for you or a family member who is not responsible for causing the intentional loss."*  This policy provision explicitly extends coverage to an innocent co-insured "not responsible for causing the intentional loss". As such, if Natascha Hubert is an insured, FIC has a duty to provide coverage for her property destroyed in the fire.

(33)    Although the policy of insurance does not list Natascha Hubert as a named insured, the contents coverage portion of the policy provides as follows:  *"This part of your Masterpiece Policy provides you with coverage against all risk of physical loss to your contents anywhere in the world unless stated otherwise or an exclusion applies."*  Additionally, the policy defines *"you"* as the person named in the coverage summary and a spouse *"who lives with that person."*  FIC has determined, through its investigation Natascha Hubert was living with Robert Hubert and therefore is an insured by the policy definition.

(34)    While FIC agrees Natascha Hubert is an insured with coverage available for her contents destroyed in the fire, there remains a question as to the amount of

coverage available. The policy of insurance issued to Robert I. Hubert provides two hundred sixty four thousand dollars ($264,000.00) in contents coverage. (Exhibit A). Natascha Hubert's contents claim is in excess of three hundred thousand dollars ($300,000.00). (Exhibit D). FIC is requesting this Court confirm no coverage is available to the Estate of Robert I. Hubert for damage to Robert I. Hubert's personal property. Since the amount of coverage available to Robert I. Hubert is being denied pursuant to the intentional acts provision of the policy, the remaining coverage available to Natashca Hubert for her personal property may be limited to fifty percent (50%) of the total coverage, or one hundred thirty two thousand dollars ($132,000.00). In *Buckeye Union Ins. Co. v. Phillips*, 1986 Ohio App. Lexis 7809, the Court confirmed coverage for an innocent spouse, stating: "absent evidence the innocent spouse was involved in any arson, we conclude that she was entitled to recover one half the damage claim...." *Id.* at 13-14. Consequently, FIC is requesting this Court confirm the total amount of coverage available to Natascha Hubert is limited to half the total available coverage, or one hundred thirty two thousand dollars ($132,000.00).

### *Natascha Hubert's Additional Living Expense Claim:*

(35)    Since Natascha Hubert is an insured, FIC has determined Natasha Hubert is owed coverage for her reasonable and documents additional living expenses incurred as the result of not being able to live at 7811 Okeana-Drewersburg Road following the fire on December 28, 2009. FIC is requesting this Court confirm FIC owes a duty to provide Natascha Hubert coverage for her reasonable and documented additional living expenses arising from her inability to reside at the loss location following the fire.

- 15 -

*Natascha Hubert Structure Claim:*

(36)     Natascha Hubert has not submitted any claim for damage to the structure at 7811 Okeana-Drewersburg Road.  It is FIC's understanding, according to the Sworn Statement in Proof of Loss submitted by Natascha Hubert as well as her examination under oath testimony, Natascha Hubert is electing not to make any claim for damage to the structure at 7811 Okeana-Drewersburg Road. Accordingly, if Natasha Hubert intends to make any such claim for damage to the structure, FIC is requesting Natascha Hubert make such a claim in this venue so coverage for the structure claim may be addressed by this Court. It is the position of FIC, Ms. Hubert has been provided the opportunity to present all claims and has not, in accordance with the policy provisions, made any claim for damage to residence structure as a result of the fire of December 28, 2009.

(37)     Should FIC be incorrect and if Ms. Hubert is making a claim for damage to the residence structure, FIC would also request this Court clarify such potential recovery for damage to the structure is limited to fifty percent (50%) of the total one hundred seventy seven thousand two hundred twenty seven dollars and forty nine cents ($177,227.49) in damage to the structure (Exhibit P, Structure Estimate), or eighty eight thousand six hundred thirteen dollars and seventy five cents ($88,613.75) since FIC believes there is no coverage to the Estate of Robert I. Hubert for this loss.

*Natascha Hubert Automobile Claim:*

(38)     Natascha Hubert has also submitted a claim for damage to a 2006 BMW 325 xi vehicle. The Sworn Statement in Proof of Loss submitted by Natascha Hubert for

damage to the 2006 BMW 325 xi lists the cause and origin of the loss as "kerosene poured on car." (Exhibit E).

(39)    The Morgan Township Fire Department report confirmed diesel fuel had been poured throughout a vehicle in the garage. (Exhibit H).  Similarly, the Butler County Sheriff's office report confirms diesel fuel was poured throughout a vehicle. (Exhibit I). Both of these reports name Robert I. Hubert as the only suspect for pouring the diesel fuel. *Id.*

(40)    The automobile policy of insurance issued to Robert I. Hubert by PIC provides:  "*[w]e do not cover any loss caused intentionally by a person named in the coverage summary, that person's spouse, a family member, or a person who lives with you..... An intentional act is one whose consequences could have been foreseen by a reasonable person.*"  Unlike the homeowners policy of insurance issued to Robert I. Hubert by FIC, the automobile policy of insurance does not extend coverage to an innocent co-insured and, in fact, specifically excludes coverage for "any loss" caused intentionally by any person named in the coverage summary.

(41)    In *Ash v. Grange Mut. Cas. Co., 5th Dist. No. 2005CA0014, 2005CA0015, 2006-Ohio-5221*, the Court, when presented with similar policy language, which excluded coverage for "*loss or damage arising out of any act committed: a. By or at the direction of any 'insured'; and b. With the intent to cause a loss*", held the insurer has no duty to pay an innocent co-insured for a loss intentionally caused by the innocent co-insured's spouse. The Court reasoned the policy unambiguously excluded coverage for an innocent co-insured by stating coverage was excluded for a loss caused intentionally by

any act of any insured. *Id.* at ¶ 25. Similarly, the policy of insurance issued to Robert I. Hubert excludes coverage for any loss caused by any other insured.

(42)    PIC is requesting this Court confirm no coverage is owed to Natascha Hubert for damage to the 2006 BMW 325 xi vehicle because the insurance policy does not provide coverage for an innocent co-insured and unambiguously precludes recovery for "any loss" intentionally caused by someone named in the coverage summary.

WHEREFORE, Federal Insurance Company and Pacific Indemnity Company seek to have this Court issue a declaratory judgment to address the following based upon the respective provisions of the policies of insurance and the law of the State of Ohio:

a)    Confirm Federal Insurance Company has no duty to provide any coverage to the Estate of Robert I. Hubert for damage to Robert I. Hubert's personal property and damage to the structure at 7811 Okeana-Drewersburg Road due to evidence showing this fire was the result of an intentional act by Robert I. Hubert;

b)    Confirm Federal Insurance Company has a duty to provide coverage for Natascha Hubert's personal property destroyed in the fire on December 28, 2009, because she is an insured under the FIC policy and the policy extends coverage to an innocent co-insured, and to further confirm whether the amount of coverage available to Natascha Hubert is limited to one hundred thirty two thousand dollars ($132,000.00);

c)    Confirm Federal Insurance Company has a duty to provide coverage to Natascha Hubert for reasonable and documented additional living expenses incurred as a result of the fire on December 28, 2009 because she is an insured under the FIC policy;

- 18 -

      d)      Confirm Natascha Hubert is making no claim for damage to the structure at 7811 Okeana-Drewersburg Road arising from the December 28, 2009, or if she intends to do so, provide this Court an opportunity to evaluate whether coverage is owed to her for any structure claim and confirm whether the total amount of coverage available would be limited to half the structure damage, eighty eight thousand six hundred thirteen dollars and seventy five cents ($88,613.75); and

      e)      Confirm Pacific Indemnity Company has no duty to provide coverage to Natascha Hubert for damage to the 2006 BMW 325 xi vehicle since damage to the vehicle occurred as a result of an intentional act by Robert I. Hubert and the policy of insurance unambiguously precludes recovery for "any loss" caused by any person named in the coverage summary and does not extend coverage to an innocent co-insured.

Respectfully submitted,

Matthew J. Smith, Esq. (0006788)
Todd D. Hilgeman, Esq. (0083546)
Smith, Rolfes & Skavdahl Company, LPA
600 Vine Street, Suite 2600
Cincinnati, Ohio 45202
(513) 579-0080
(513) 579-0222 - Fax
msmith@smithrolfes.com
thilgeman@smithrolfes.com